1

2

3

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK ANTHONY SMITH,

11            Plaintiff,              No. 2:12-cv-0135-JAM-JFM (PC)

12       vs.

13   DEPARTMENT OF MENTAL
     HEALTH, *et al.*,
14
              Defendants.            ORDER
15
     _____/
16
                 Plaintiff, proceeding pro se, is a civil detainee housed at Coalinga State Hospital

17   in Coalinga, California.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested

18   leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred

19   to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20               Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22               Where a detainee or prisoner seeks relief against "a governmental entity or officer

23   or employee of a governmental entity," the court is required to review the complaint and identify

24   "cognizable claims."  28 U.S.C § 1915(a)-(b).  The court must dismiss a complaint, or portion of

25   the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be

26

                                          1

1  granted; or ... seeks monetary relief from a defendant who is immune from such relief."  28

2  U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2).  A claim is frivolous "when the facts alleged rise to

3  the level of the irrational or the wholly incredible, whether or not there are judicially noticeable

4  facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).  In

5  determining malice, the court examines whether the claims are pled in good faith.  Kinney v.

6  Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915).

7          A complaint must contain "a short and plain statement of the claim showing that

8  the pleader is entitled to relief ...." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

9  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

10  conclusory statements, do not suffice," Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949

11  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not

12  required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681

13  (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are

14  accepted as true, legal conclusions are not.  Iqbal, 129 S. Ct. at 1949.  Plaintiff's factual

15  allegations must be sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949-50;

16  Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of

17  misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S. Ct. at 1949-50; Moss,

18  572 F.3d at 969.

19          The court finds the allegations in plaintiff's complaint so vague and conclusory

20  that it is unable to determine whether the current action is frivolous or fails to state a claim for

21  relief.  Plaintiff appears to challenge his civil detention, but provides only conclusory allegations

22  of illegality by unnamed individuals.  The court has determined that the complaint does not

23  contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal

24  Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements

25  of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

26  Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

2

1    defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply

2    with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court

3    will, however, grant leave to file an amended complaint.

4            If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

5    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

6    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

7    how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

8    there is some affirmative link or connection between a defendant's actions and the claimed

9    deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

10   1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

11   allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

12   Regents, 673 F.2d 266, 268 (9th Cir. 1982).

13           In addition, plaintiff is informed that the court cannot refer to a prior pleading in

14   order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

15   complaint be complete in itself without reference to any prior pleading.  This is because, as a

16   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

17   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

18   longer serves any function in the case.  Therefore, in an amended complaint, as in an original

19   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20           In accordance with the above, IT IS HEREBY ORDERED that:

21           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

22           2.  Plaintiff's complaint is dismissed.

23           3.  Within thirty days from the date of this order, plaintiff shall complete the

24   attached Notice of Amendment and submit the following documents to the court:

25                   a.  The completed Notice of Amendment; and

26                   b.  An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 6, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;smit0135.14new

4

1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK ANTHONY SMITH,

11           Plaintiff,              No. 2:12-cv-0135-JAM-JFM (PC)

12      vs.

13   DEPARTMENT OF MENTAL
     HEALTH, *et al.*,                NOTICE OF AMENDMENT
14
             Defendants.
15   _____/

16           Plaintiff hereby submits the following document in compliance with the court's

17   order filed _____:

18           _____      Amended Complaint

19   DATED:

20

21

22                                   _____

23                                   Plaintiff

24

25

26

                                        5